1  Adam I. Gafni, Esq. (SBN: 230045)
   **GAFNI & LEVIN, LLP**
2  11811 San Vicente Blvd.
   Los Angeles, California 90049
3  Telephone: 424.744.8344
4  Email: adam@gafnilaw.com

5
   Attorney for Plaintiff,
6  Stephen Matera

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN MATERA,<br><br>Plaintiff,<br><br>vs.<br><br>TOWER PADDLE BOARDS, LLC and DOES 1 through 10, inclusive.<br><br>Defendants. | Case No.: **'24CV1612 RSH DDL**<br>(Copyright Infringement)<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

-1-
**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

# COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff Stephen Matera ("Plaintiff") by and through his attorneys of record, alleges against Tower Paddle Boards, LLC ((("TPB") or "Defendant"), DOES 1-10, inclusive (hereinafter collectively TPB and DOES 1-10 inclusive will be referred to as "Defendants"), as follows:

## THE PARTIES

1.  Stephen Matera is a professional photographer specializing in outdoor, sports, and lifestyle images. He operates the websites https://www.materaphoto.com/ and https://www.stephenmatera.com/ through which he runs his business. He has created images for the world's leading outdoor brands and publishers, including the New York Times, Jansport, Kelty, Chaco, and Ibex. Mr. Matera's photographs are copyrighted images, and he works vigorously to protect his collection of works.

2.  Plaintiff is informed and believes that Tower Paddle Boards, LLC is a California Limited Liability Company headquartered at 1010 Santa Clara Place San Diego California 91019 and is a sophisticated entity that has been designing, marketing, advertising, distributing and selling its own designed paddle boards, including through its website towerpaddleboards.com ("Website").

3.  The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to set forth their true names and capacities when ascertained.

    a) Plaintiff believes that the DOE Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known Defendant, or through entering into a conspiracy and agreement with the known Defendant to perform these acts, for financial gain and profit, in violation of Plaintiff's rights.

    b) Plaintiff is also informed and believes, and thereon alleges, that each of the Defendants designated herein as a "DOE" is responsible in some manner for the

-2-

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

events herein referred to and caused injury and damage to Plaintiff as herein alleged.

4. Plaintiff is informed and believes that DOE Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other DOE Defendants, and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefore.

5. Plaintiff is informed and believes that at some unknown time, the known Defendants entered into a conspiracy with the unknown Defendants to commit the wrongful acts described herein; and/or induced, or encouraged the infringement and actions herein, and/or were taken in furtherance of such conspiracy; and Defendants aided and abetted each other in the wrongful acts alleged herein.

6. Plaintiff is informed and believes that each of the Defendants acted for personal gain or in furtherance of their own financial advantage and profit in doing the acts alleged below.

7. Plaintiff is further informed and believes that during all relevant times TPB and/or through the other Doe Defendants, has owned, used, and continues to use the Website and related Uniform Resource Locators ("URLs") (the "Website") to market TPB, and distribute and sell TPB products.

8. Plaintiff is informed and believes that during all relevant times, Defendants operated, controlled, curated, and had all relevant times made policy decisions and/or decision-making authority concerning the Website that led to and caused, authorized, directed, and/or ratified the infringing activity alleged herein.

## JURISDICTION AND VENUE

9. This action is for damages and preliminary and permanent injunctive relief arising from Defendants' copyright infringements in violation of the United States Copyright Act of 1976, as amended, 17 U.S.C § 101 et seq. (the "Copyright Act").

10. **Subject Matter Jurisdiction**: This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

11. **Personal Jurisdiction**: Plaintiff is informed and believes that personal

jurisdiction is proper over the TPB, inter alia, because it is a California Limited Liability Company headquartered in the Southern District of California. Further, Plaintiff is informed and believes that personal jurisdiction is proper over Defendants because inter alia for years, Defendants operated and/or currently operate commercial businesses located in California within California, and the Southern District and/or which contract with businesses in the California and through which Defendants knowingly, systematically, and continuously transacted or transact business and enter or entered into contracts on an ongoing basis with and provide or provided products and/or services to individuals or companies in California and which give rise to this action.

12. **Venue:** Venue is proper in this district under 28 U.S.C § 1391(b) and (c) and 28 U.S.C. § 1400(a). Plaintiff is informed and believes that this action arose in the County in which Defendant TPB is headquartered, in San Diego, California.

## FACTUAL ALLEGATIONS

13. Plaintiff is the sole author, photographer, and owner of the copyright in the photographic work at issue (the "Photograph") and was issued by the United States Copyright Office a Certificate of Registration (Registration Number VA0002096935) for the Photograph with an effective date of October 5, 2017 (the "Copyright Registration"). For reference, a copy of the Photograph is shown below with the watermarks ("©") added for purposes of display in this Complaint only:

-4-
**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

14. The Photograph was not made as a work for hire.

15. During all relevant times, Plaintiff held and still holds the exclusive rights to reproduce, publicly distribute, and display the Photograph pursuant to 17 U.S.C. § 106 and 501.

16. Within the last three years, Plaintiff discovered Defendants' unauthorized use and infringement of the Photograph. Prior to such discovery Plaintiff was not aware of Defendants' infringement and reasonably could not and/or should not have been aware of or discovered said infringement.

17. Defendants infringed upon the Photograph, such as when they unlawfully copied, downloaded, publicly displayed, uploaded, and distributed an unlawful and unauthorized copy the Photograph without a license or consent, including but not limited to the Website.

18. Plaintiff is informed and believes that Defendants commenced infringement and unauthorized use of the Photograph after the date Plaintiff had been issued the Copyright Registration.

19. At all relevant times, Defendants did not have a valid license or permission to use, display, distribute, copy, and/or reproduce the Photograph in the manner in which they used the Photograph.

20. Plaintiff is informed and believes that Defendants infringement was willful in that they copied/reproduced, uploaded/downloaded, or caused to be uploaded/downloaded, publicly displayed, and distributed the Photograph with actual and/or constructive knowledge, or in conscious disregard of the risks of infringement.

21. Plaintiff is informed and believes that the Defendants (and through their agents and employees) oversaw, managed, curated, edited, and uploaded material to the Website (such as the unauthorized copy of the Photograph) as part of the advertisement and marketing of TPB products, including by materially assisting with the selection of the Photograph, uploading the Photograph, approving of the use of the Photograph, ratifying the use of the Photograph, and had the opportunity to control the images

-5-
**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

copied/reproduced, uploaded/downloaded, publicly displayed, and distributed on the Website.

22. Plaintiff is informed and believes that Defendants attempted to obtain and/or did obtain profit from the infringing activities alleged herein and/or attempted to derive a profit and direct financial benefit from the infringing activities alleged herein.

23. Defendants have shown that it intended to continue, unless restrained, to use Plaintiff's copyrighted photographic work, willfully infringing, and causing irreparable damages to Plaintiff for which he has no adequate remedy of law.

24. By unlawfully using copies the Photograph and by distributing and encouraging redistribution of the Photograph without identifying the Photographs as being the exclusive property of Plaintiff, Defendants' have caused damages to Plaintiff, including by diminishing the value of the Photograph as an original and attributed photographic work.

25. Defendants' unlawful acts have and continue to interfere with Plaintiff's ability to market the Photograph, thereby impairing the value and prejudicing the sale or license by Plaintiff.

## FIRST CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
## PURSUANT TO 17 U.S.C. § 106 AND 501
## (AGAINST ALL DEFENDANTS)

26. Plaintiff incorporates by reference each allegation contained in the preceding allegations of this Complaint as if fully set forth herein.

27. Defendants directly infringed Plaintiff's rights in the Photograph in that they (1) made or caused to be made unauthorized copies of the Photograph, (2) distributed, and/or facilitated the unauthorized distribution of unauthorized copies of the Photograph, and/or (3) publicly displayed, made available for, and/or facilitated, the unauthorized public display of the Photograph on the Website, and/or distributed the Photograph to others and induced them to make further copies and/or public display of

the Photograph.

28. Plaintiff was issued a valid Copyright Registration in the Photograph.

29. Defendants' infringing activity alleged herein commenced prior to the Copyright Registration of the Photograph.

30. Plaintiff is informed and believes that Defendants' infringement was willful with actual and/or constructive knowledge and/or acted recklessly and in conscious disregard of the risks of infringement, including by failing to take reasonable measures to determine whether they had right to use the Photograph in the manner in which they used it.

31. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages, including by engaging in distribution without identifying the copyright of Plaintiff; interfering with and undermined Plaintiff's ability to market Plaintiff's own original photographs, thereby impairing the value and prejudicing the sale or license by Plaintiff of his own photographic work.

32. Plaintiff is also entitled to recover from Defendants, all gains and advantages obtained by Defendants as a result of their acts of infringement alleged above, including actual damages, Defendants' profits pursuant to 17 U.S.C. § 504(b), including attorney's fees.

33. At present, the amount of damages, gains, profits and advantages cannot be fully ascertained by Plaintiff, but will be established according to proof at trial.

34. Alternatively, at Plaintiff's election, Plaintiff is entitled to the maximum statutory damages of up to $150,000.00 per work infringed against each Defendant for their infringements and/or the infringements for which they are liable jointly and severally, pursuant to 17 U.S.C. § 504(c), or such other amounts as may be proper.

35. Plaintiff is entitled to attorneys' fees and to the recovery of all costs and expenses reasonably incurred in pursuing this matter pursuant to 17 U.S.C. § 505.

36. Plaintiff is entitled to a preliminary and permanent injunction restraining

Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which she has no adequate remedy of law.

## SECOND CLAIM FOR RELIEF
## SECONDARY COPYRIGHT INFRINGEMENT
## (AGAINST ALL DEFENDANTS)

37. Plaintiff incorporates by reference all preceding allegations of the Complaint.

38. Plaintiff is informed and believes Defendants obtained actual and/or constructive knowledge and/or were willfully blind to the infringing activity and that despite such induced, encouraged, aided, and contracted for the other Defendants to copy, use, upload, publicly display and otherwise infringe upon Plaintiff's rights in the Photograph.

39. Plaintiff is further informed and believes that at all relevant times the Defendants engaged in vicarious infringement in that they had the right and ability to control and authorized, directed, and ratified the conduct alleged herein including the use of the Photograph on the Website.

40. Plaintiff is further informed and believes that at all relevant times the Defendants directly profited from or attempted to derive a profit from the infringing conduct alleged herein.

41. As a direct and proximate result of Defendants' secondary infringement Plaintiff was damaged and is entitled to recover from Defendants the damages he sustained and/or Defendants' profits, gains, and advantages obtained as a result of their acts of infringement. At present, the total amount of damages, gains, profits and advantages cannot be fully ascertained by Plaintiff, but will be established according to proof at trial.

42. Alternatively, Plaintiff also seeks to recover statutory damages for Defendants' infringement of his copyright of up to $150,000.00 per work infringed.

43.     Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

44.     Plaintiff has been forced to incur attorneys' fees and costs in connection with the infringement alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

## AS TO ALL CLAIMS:

1.      For Plaintiff's actual damages;

2.      For a full accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by Defendants as a result of their willful and unlawful conduct;

3.      For maximum statutory damages under Section 17 U.S.C. § 504(c) of the Copyright Act;

4.      For prejudgment interest;

5.      For attorneys' fees and costs;

6.      For preliminary and permanent injunctive relief from ongoing infringing activities, including, but not limited to:

a.) enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement, of Plaintiff's copyrights (whether now in existence or hereafter created) or exclusive rights under copyright, and

b.) the seizure of all property made in, or used to assist in the violation of Plaintiff's exclusive copyrights pursuant to 17 U.S.C. § 503, including, but not limited to, all copies of the Photograph, all domains, Internet Protocol (IP) addresses, and all servers and other computer equipment used to publish, broadcast or archive the Photograph; and

7. For such other and further relief as this Court deems just and appropriate.

Date: September 10, 2024                    **GAFNI & LEVIN, LLP**

                By: /s/ *Adam I. Gafni*
                  Adam I. Gafni
                  Attorneys for Plaintiff
                  STEPHEN MATERA

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of any and all issues triable with right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Date:  September 10, 2024

**GAFNI & LEVIN, LLP**

By: /s/ *Adam I. Gafni*
Adam I. Gafni
Attorneys for Plaintiff
STEPHEN MATERA

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**